IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HADASSAH MARA COHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-07-645-HE |
| | ) | |
| DR. C. KIM WINKLEMAN, PRESIDENT, | ) | |
| COMANCHE NATION COLLEGE, and | ) | |
| COMANCHE NATION COLLEGE | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Hadassah Mara Cohen previously sued defendants Dr. C. Kim Winkleman[1] and Comanche Nation College claiming they had breached an employment agreement and violated the Indian Civil Rights Act ("ICRA"), 25 U.S.C. §1301-1303.[2] The court dismissed that action, finding it lacked subject matter jurisdiction over the plaintiff's claims due to the sovereign immunity of the Comanche Nation.

The court recognized that jurisdiction over the plaintiff's ICRA claim might exist under the <u>Dry Creek</u> rule,[3] which allows, under certain narrow circumstances, an action to be maintained in federal court against a tribe under ICRA notwithstanding sovereign

---

[1] *Dr. Winkelman is sued in his official capacity only.*

[2] *The ICRA provides, as a matter of statute, for many of the same protections against tribal authority as would, in the case of federal or state authority, be provided as a matter of constitutional law. The statutory rights protected by the ICRA include the requirement that no tribe exercising powers of self government "deprive any person of property without due process of law." 25 U.S.C. §1302(8).*

[3] *The rule originated in <u>Dry Creek Lodge, Inc. v. Arapahoe and Shoshone Tribes</u>, 623 F.2d 682 (10th Cir. 1980), cert. denied 449 U.S. 1118, reh. denied, 450 U.S. 960 (1981)*

immunity. The court found, though, that the plaintiff's claim lacked two of the three elements that must be present for the Dry Creek exception to apply. While the plaintiff had demonstrated that the dispute involved a non-Indian party, she had not shown the nonavailability of a tribal forum because she had not yet filed suit or otherwise formally pursued the matter with the Court of Indian Offenses (also known as a "CFR Court") that operates as a tribal court for the Comanche Nation in civil matters. The court also found the plaintiff had not demonstrated that the dispute involved an issue falling outside internal tribal affairs.

After that case was dismissed, the plaintiff filed an action in the CFR Court, which was dismissed, the Magistrate finding that the defendants were immune from suit. The plaintiff did not appeal that decision to the Court of Indian Appeals. Instead, she returned to this court and instituted a new action.

In her complaint the plaintiff has reurged her ICRA claim, alleging there is no tribal remedy available and that her claim does not constitute an internal tribal matter.[4] The defendants have moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(1) and (6) for failure to state a claim or, alternatively, for lack of subject matter jurisdiction. They argue that the plaintiff's ICRA claim is barred by the doctrine of res judicata and that the Dry Creek exception does not apply to allow the court to exercise jurisdiction over her claim. The

---

[4] *Although the defendants assert that the plaintiff has alleged both breach of contract and ICRA claims, she asserts only the latter in this lawsuit. The court will, therefore, discuss only the ICRA claim.*

defendants contend that two of the three Dry Creek elements are missing, as the plaintiff has still not shown that a tribal forum is unavailable or that the dispute does not involve an internal tribal conflict.[5]

The plaintiff responds that her claim is not barred by res judicata because the prior action was not fully adjudicated on the merits. She contends the court left open the question of jurisdiction under the Dry Creek exception and that she did not have a full and fair opportunity to litigate the issue.[6]

While, as the plaintiff asserts, the court did not determine whether a tribal forum was available, it did not leave open the question of jurisdiction under the Dry Creek exception.[7] The court concluded that the plaintiff had not demonstrated another of the Dry Creek elements – the requirement that the conflict be one falling outside internal tribal affairs.[8]

---

[5] *The defendants also argue that the court "owes deference to the Court of Indian Offenses determination that the Comanche Nation's sovereign immunity shields Defendants from suit." Defendants' motion, p. 10.*

[6] *Although she asserts that she was denied the opportunity to litigate her claim, the plaintiff does not show how she was so precluded.*

[7] *Even if the jurisdictional issue was still open, it is doubtful that the Dry Creek exception would apply. See Walton v. Tesuque Pueblo, 443 F.3d 1274, 1279 (10th Cir. 2006) ("A tribal court's dismissal of a suit as barred by sovereign immunity is simply not the same thing as having no tribal forum to hear the dispute...."). The plaintiff attempts to distinguish Walton, asserting that the plaintiff's claim in that case, premised on the revocation of his flea market vendor's permit, did not rise to the level of a constitutional deprivation or involve the taking of constitutionally protected property without due process. However, while the appellate court did not determine if Walton had a constitutionally protected interest, his complaint sought "damages for deprivation of liberty and property without due process of law in violation of the Indian Civil Rights Act ...." Id. at 1277.*

[8] *While noting that the issue was close, the court reached this conclusion, "given the various expressions to the effect that the Dry Creek Lodge exception should be narrowly construed, together*

The court previously expressed its concern that the plaintiff might be left without a remedy if the defendants did not waive their sovereign immunity. The court is still troubled by its inability to afford the plaintiff an opportunity to vindicate her rights and receives little comfort from the defendants' recitation in their motion of all the instances in which the Comanche Nation has subjected itself to suit. The fact that the Comanche Nation sometimes waives its sovereign immunity in other contexts provides zero comfort to its former employee here, who is, as a practical matter, left without any means to address the substance of her claims in a judicial forum.[9] Nonetheless, this court is compelled by the applicable law to conclude that the plaintiff, having had the opportunity to litigate the issue previously, is bound by the court's earlier conclusion that it lacks subject matter jurisdiction over her ICRA claim because the Dry Creek exception does not apply.[10] See Park Lake Res., Ltd. Liab. Co. v. United States Dep't of Agric., 378 F.3d 1132, 1136 (10th Cir. 2004) ("In particular, dismissals for lack of jurisdiction preclude relitigation of the issues determined

---

*with the suggestion from the Supreme Court in other contexts that tribal jurisdiction may extend to regulation of contractual or commercial dealings with nonmembers ...."* April 17, 2006, Order, p. 7. *Cited in the Order were two unpublished decisions of the Tenth Circuit, which suggested the same conclusion: Gallegos v. Jicarilla Apache Nation, 97 Fed. Appx. 806 (10th Cir. 2003) (wrongful termination claims of tribal police officer held to be an internal tribal affair); Sulcer v. Davis, 986 F.2d 1429 (10th Cir. 1993) (wrongful termination claims of tribal director of communications held to be an internal tribal affair).*

[9]*As defendants' brief acknowledges, other governments with sovereign immunity provide mechanisms, such as the Federal Tort Claims Act, for the resolution of claims against the entity. The Comanche Nation has no such mechanism.*

[10]*As issue preclusion bars the plaintiff from relitigating her ICRA claim, her assertion that the issue of subject matter jurisdiction is intertwined with the merits and her request that a decision on subject matter jurisdiction be postponed until after discovery will not be addressed.*

in ruling on the jurisdiction question.") (internal quotations omitted).[11]

Accordingly, the defendants' motion to dismiss [Doc. #9] is **granted**.

**IT IS SO ORDERED.**

Dated this 20th day of Sept., 2007.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[11] *The four conditions required for issue preclusion to apply are met here. See* Park Lake Res., Ltd. Liab. Co., *378 F.3d at 1136 (identical issue, prior adjudication on the merits, same party, and full and fair opportunity to litigate issue in prior action).*